SCHIFFMAN LAW OFFICE, P.C.
HELPING THE INJURED AND DISABLED SINCE 1975

Lisa Counters, 016436
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 266-2667
Fax: (602) 266-0141
Lisa@Schiffmanlaw.com
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John William Sullivan,<br><br>                    Plaintiff,<br><br>vs.<br><br>Unum Life Insurance Company of<br>America; Humana Multi Benefit Plan,<br><br>                    Defendants. | No.<br><br>**COMPLAINT** |

For his claim against Defendants, John William Sullivan ("Sullivan") alleges as follows:

### JURISDICTION AND VENUE

1.    Sullivan is a resident of Maricopa County, Arizona.

2.    Defendant Unum Life Insurance Company of America ("Unum") is incorporated in Maine. Unum is authorized to do business in Maricopa County, Arizona.

3.    Defendant Humana Multi Benefit Plan ("Plan") is a purported ERISA benefit plan established and maintained by Humana Inc. ("Humana") for the benefit of its employees. It provides various benefits, including short-term disability ("STD") and long-term disability benefits ("LTD").

4.    Humana self-funds STD benefits for its employees. The STD benefits are not governed by ERISA because these benefits constitute a payroll practice.

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

5.    This Court has jurisdiction over the Plan according to ERISA 29 U.S.C. §°1132, and because the Plan and Unum have caused events to occur in Arizona out of which Sullivan's claims arise.

6.    This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a) (diversity), (e), 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 2201-02 (declaratory judgments).

7.    Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

8.    Humana provided certain employees with STD and LTD benefits under the Plan.

9.    Humana is the LTD plan administrator and LTD plan fiduciary as those terms are defined by ERISA sections 29 U.S.C. § 1102(a)(2) (fiduciary) and 29 USC § 1002(A)(16) (administrator).

10.   Unum is the Claim Administrator and is also a Plan Fiduciary for the LTD benefits as those terms are defined by ERISA.

11.   At all relevant times, Sullivan worked for Humana, became a covered individual under the Plan, and remained continuously employed until his disability rendered him unable to work in his regular occupation as a Quality Director on October 29, 2018.

12.   Sullivan claimed disability for cervical and lumbar degenerative disc disease, cervical and lumbar spine stenosis, cervical spondylosis, migraines, and post-concussive syndrome. He has been unable to perform the duties of his occupation as Quality Director, including the following:

- Work a full-time workweek, without missing multiple days per month;
- Spend more than three hours per day working at a computer workstation due to cervical issues, fluorescent lighting, and chronic migraines;

- Stand or walk for more than 15 minutes at a time for a maximum of 2.5 total hours per day;
- Use his hands for fingering (keyboarding) for more than a few minutes at a time and no more than 2.5 hours total per day;
- Focusing and concentrating on complex tasks due to migraines and chronic pain from degenerative disc disease and post-concussive syndrome.

**COUNT I**
**BREACH OF CONTRACT – HUMANA**
**FAILURE TO PAY STD BENEFITS**

13. Sullivan incorporates and realleges all previous allegations

14. Sullivan was a participant in the Plan's STD benefit program and filed a claim for STD benefits on or about October 29, 2018.

15. On information and belief, Humana entered into an administrative services agreement with Unum to manage and administer Humana's STD benefits. Unum is considered a third-party administrator.

16. The STD benefits pay 66 2/3% of an employee's base pay.

17. Under the terms of the Plan, Sullivan can receive STD benefits for a total of 26 weeks or 1,040 hours.

18. Unum approved STD Benefits for Sullivan for a total of 192 hours, covering the payroll periods beginning on November 11, 2018 and ending December 8, 2018.

19. Sullivan remained unable to perform his job through the entire 26 weeks of benefits covered by STD.

20. Sullivan is entitled to an additional 848 hours of STD benefits of $42,128.64.

**COUNT II**
**RECOVERY OF INSURANCE AND PLAN BENEFITS**
**UNUM**

21. Sullivan incorporates and realleges all previous allegations.

22. Humana funds the Plan's LTD benefits through the purchase of an insurance policy.

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

-3-

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

23.  On information and belief, Unum bills and accepts payment for coverage under the Policy from Humana.

24.  Unum first issued LTD benefits under Policy number 137513 011 to Humana on May 1, 2002 ("Policy"). The Policy renews annually.

25.  Unum pays any LTD claim and makes any determinations regarding any Humana employees' LTD claims.

26.  Under the Policy, Sullivan is entitled to benefits for the first 24 months after the elimination period if he cannot perform the material and substantial duties of his regular occupation and has a 20% or more loss in his indexed monthly earnings due to the same sickness or injury.

27.  After the first 24 months of disability, the Policy defines disability as the inability to perform the duties of any gainful occupation.

28.  The Policy defines any gainful occupation as any occupation that Sullivan is reasonably fitted by education, training or experience and is or can be expected to provide him with an income at least equal to 60% of his indexed monthly earnings within 12 months of his return to work.

29.  Sullivan is unable to perform the material and substantial duties of his regular occupation. Sullivan is unable to earn 60% of his indexed monthly earnings.

30.  Sullivan submitted a claim for LTD benefits on approximately October 21, 2019. Sullivan sought benefits from October 29, 2018.

31.  Unum denied Sullivan's claim on January 16, 2020.

32.  Sullivan submitted his appeal of the initial denial on August 4, 2020.

33.  Unum upheld its denial in a letter dated March 5, 2021.

34.  Sullivan submitted an additional appeal review request, which was received and granted by Unum on March 22, 2021. Sullivan submitted additional documentation in support of his disability during this time.

35.  Unum issued its final denial on April 1, 2021.

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 • (602) 266-2667

36. The LTD Policy has a 180 day waiting period for benefits to commence.

37. Sullivan was entitled to LTD benefits beginning April 28, 2019, because he could not perform the material and substantial duties of his occupation.

38. Sullivan is also disabled from any gainful occupation as defined by the Policy and is entitled to any occupation benefits from April 29, 2021.

39. Sullivan provided proof of his debilitating medical conditions. In addition, Sullivan provided Unum with completed attending physician statements, a functional capacity evaluation and extensive medical records that support his disability. Sullivan became disabled on October 29, 2018, and remains unable to perform the duties of his regular occupation or any occupation and cannot earn 60% of his indexed monthly earnings.

40. The LTD Policy contains discretionary language.

41. Unum's inherent conflict of interest impacted its decision in this matter and the Court should review Unum's decision with heightened skepticism.

42. Sullivan has satisfied the jurisdictional prerequisites to filing a claim in federal court and has exhausted any available administrative remedies.

43. Unum's denial of Sullivan's LTD benefits was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence, and clearly erroneous. Evidence of Unum's conflict includes, but is not limited to:

   a) Relying on the opinions of Dr. James Folkening, an in-house physician for Unum.

   b) Relying upon the opinions of a consultant, Dr. Mirielle Diaz-Molina. This consultant never treated or saw the claimant. Dr. Diaz-Molina did not review all available medical records and disregarded her own assessment to conclude the claimant could perform his job full time.

   c) Concluding that Sullivan was able to physically perform his occupation without considering the effects of both his physical disabilities in conjunction with his migraines.

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

44.  Sullivan is entitled to 60% of his indexed monthly earnings of $7,750 per month from October 29, 2018 and, provided he remains disabled, would be entitled to benefits until August 9, 2039.

45.  Under the Plan, ERISA 29 U.S.C. § 1132(a)(1)(B), and applicable federal and state common law, Sullivan is entitled to recover all benefits due under the terms of the Plan, and to enforce his rights under the terms of the Plan.

46.  Under 29 U.S.C. § 1132(g), Sullivan can recover his attorneys' fees and costs incurred from Humana and the Plan.

47.  Sullivan can also recover attorneys' fees from Humana under A.R.S. § 12-341.01

48.  Sullivan is entitled to prejudgment interest at the highest legal rate on benefits awarded under A.R.S. § 20-462.

WHEREFORE, Sullivan prays for entry of judgment against Defendants as follows:

A.      For all past STD benefits due Sullivan;

B.      For all past due LTD benefits due Sullivan;

C.      For an award of Sullivan's attorneys' fees and costs incurred herein;

D.      For an award of prejudgment interest on Sullivan's benefits and damages at the highest legal rate until paid; and

E.      For such other and further relief as the Court deems just and reasonable.

Dated this 3rd day of September 2021.

/SCHIFFMAN LAW OFFICE, P.C.


By: /s/ Lisa J. Counters
    Lisa J. Counters
    Attorney for Plaintiff